**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Diante Ja Quan Rogers, Appellant.

Appellate Case No. 2020-000135

———————

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-209
Submitted February 1, 2023 – Filed May 24, 2023

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Melody J. Brown, and Assistant Attorney General Joshua A. Edwards, all of Columbia, and Solicitor Edgar Clements, III, of Florence, all for Respondent.

———————

**PER CURIAM:**  Diante Rogers appeals his convictions for murder, criminal conspiracy, carjacking, kidnapping, discharging a firearm into a vehicle, and

possession of a firearm during a violent crime, arguing the circuit court erred in excluding (1) an out-of-court statement, and (2) evidence from a video. We affirm pursuant to Rule 220(b), SCACR.

1. We affirm the trial court's exclusion of a statement based on grounds appearing in the record. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."). Rogers called Victor Cooper as a witness. Cooper, a federal inmate, was housed in the same prison as Juwan Smith. Cooper contacted the State and made a statement to an investigator claiming he overheard Smith admit to another inmate that he shot the murder victim. Cooper testified and refused to answer questions. Based on the State's rights under the Confrontation Clause,[1] the court refused to allow Rogers to question Cooper about the statement he made to law enforcement. We agree the privilege granted in the Confrontation Clause applies only to defendants, and the circuit court erred in excluding the evidence based on the State's inability to "confront" Cooper, whom the court considered unavailable due to his refusal to testify. *See State v. Brockmeyer*, 406 S.C. 324, 342, 751 S.E.2d 645, 654 (2013) ("Indeed, the Confrontation Clause 'applies to "witnesses" against the accused—in other words, those who "bear testimony."'" (quoting *Crawford v. Washington*, 541 U.S. 36, 51 (2004)). However, we affirm because we find the statement was inadmissible as hearsay within hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE. "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute." Rule 802, SCRE. Rule 803, SCRE, provides numerous exceptions to the rule against the admission of hearsay regardless of the availability of the declarant. Rule 804, SCRE, provides numerous exceptions to the rule against the admission of hearsay when the declarant is unavailable. Rule 805, SCRE, provides, "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Here, Rogers was attempting to introduce Smith's statement to Cooper through the police officer who interviewed Cooper. Because Smith's statement to Cooper was hearsay, and Cooper's statement to the police officer was hearsay, the statement

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. The South Carolina Constitution provides the same protection to a defendant. S.C. Const. art. I, § 14.

was hearsay within hearsay.  *See State v. Prather*, 429 S.C. 583, 610, 840 S.E.2d 551, 565 (2020) (finding hearsay within hearsay where the victim's statement to one person was hearsay and that person's statement to law enforcement was hearsay; then concluding "such may be admitted if each part of the combined statements satisfies an exception to the hearsay rule").  Thus, Rogers was required to meet an exception to hearsay for each statement.  We find the statements did not meet any of the exceptions to the hearsay rule.

2.  We decline to review the issue of the admissibility of evidence from a video of a gas station robbery because it was not proffered and is not included in the record on appeal.  *See State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 20 (Ct. App. 2009) ("Excluded testimony must be proffered to the trial court to preserve the issue of its exclusion for appellate review."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal."); *State v. Hawes*, 423 S.C. 118, 128, 813 S.E.2d 513, 518 (Ct. App. 2018) (finding the defendant abandoned his argument regarding the admission of exhibits because he failed to include the exhibits in his record on appeal); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 214, 723 S.E.2d 597, 608 (Ct. App. 2012) ("[T]he appellant has the burden of providing an adequate record on appeal.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.